**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**STACY SMITH,**

    **Plaintiff,**　　　　　　　　　　　**CASE NO.:**

vs.

**TRANS UNION, LLC, and
NEXUM GROUP, INC.,**

    **Defendants.**

_____/

**COMPLAINT**

COMES NOW Plaintiff, STACY SMITH, ("Plaintiff"), by counsel, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. against Defendants, Trans Union, LLC ("Trans Union" or "the Bureau") and Nexum Group, Inc. ("Nexum"), and alleges:

**I.   INTRODUCTION**

1.   Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. by Defendants, Trans Union and Nexum. Plaintiff contends Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports, and consequently reported inaccurate information about Plaintiff.

2.   More than seven years after Plaintiff incurred an alleged debt to his former Landlord, it was reported as an open account and re-aged the date opened to September 13, 2024 despite it occurred in February 2017.

1

## II. **JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, because Plaintiff alleges violation of the FCRA, a federal law. 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

4. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III.   **PARTIES**

5. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

6. Defendant Trans Union is a Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

7. At all times material Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. It disburses such consumer reports to third parties under contract for monetary compensation.

8.  Defendant Nexum is a Florida for profit corporation, located at 3700 34th Street, Suite 204, Orlando, FL 32805, with registered agent Micheal F. Murphy, located at the same address.

9.  At all times material, Defendant Nexum is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10. During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of Florida and conducted business in Florida on a routine and systematic basis.

### IV.   FCRA STATUTORY STRUCTURE

11. Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

12. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

13. Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, and the consumer notifies the agency directly of such dispute, the

agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a).

14. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

15. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

16. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

17. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable

to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## V.     FACTUAL ALLEGATIONS

18. In 2017, Plaintiff rented a residential property owned by John Jinker (Landlord).

19. On or about February 2017, Plaintiff vacated the rental unit and incurred an alleged debt to his Landlord.

20. On May 13, 2019, the Landlord filed a complaint for damages against Plaintiff for the alleged debts incurred in February 2017. **See Exhibit A.**

21. In September 14, 2023, nearly 6 years after the accrual of the rental debt, the Landlord obtained a final judgment against Plaintiff.

22. Subsequent to this judgment, Jinkler transferred the rental debt to Nexum for collection, who furnished inaccurate information to Trans Union, who reported the inaccurate information.

23. Specifically, Nexum reported that Plaintiff owed a debt on an "open account" which it claimed accrued on September 13, 2024.

24. Trans Union published this inaccurate information, and also reported the estimated date it would be removed from the credit report as August of 2031.

**NEXUM GROUP INC.** U64158D5****

## Account Information

| | |
|---|---|
| Address | 3700 34TH STREET, SUITE 240 ORLANDO, FL 32805 |
| Phone | (877) 652-0822 |
| Date Opened | 09/13/2024 |
| Responsibility | Individual Account |
| Account Type | Open Account |
| Loan Type | COLLECTION AGENCY/ATTORNEY |
| Balance | $26,593 |
| Date Updated | 11/05/2024 |
| High Balance | $26,593 |
| Original Creditor | JOHN JINKNER |
| Past Due | $26,593 |
| Pay Status | >Collection< |
| Estimated month and year this item will be removed | 08/2031 |
| Remarks | >PLACED FOR COLLECTION< |

25. Subsequent to the reporting of the rental debt by Defendants, and within the statutory time period from filing this complaint, Plaintiff disputed the inaccuracies multiple times with Defendants, but the debt continued to be inaccurately reported by Defendants, and Nexum continued to verify the inaccurate information.

26. After disputing the information with Defendants, Defendants verified the

6

inaccurate information, which remained on Plaintiff's credit report.

27.	At all times herein, Nexum furnished information concerning the Nexum account to Trans Union.

28.	As a result of Defendants' inaccurate credit reporting on Plaintiff's credit reports, Plaintiff's credit score was reduced and credit reputation tarnished.

29.	As a result of the inaccurate reporting on Plaintiff's Credit Reports, Plaintiff was continually evaluated for credit on existing credit lines using consumer reports that inaccurately reported the above-outlined information.

30.	Eventually in March 2025, after further dispute through TransUnion by the Plaintiff, the Nexum Group Account was deleted.

31.	As a result of Defendants' actions, Plaintiff suffered actual damages including, but not limited to, denial of credit, additional interest, expense and finance charges, emotional distress including anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff endured the erroneous and inaccurate reporting. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would continue to be denied credit as a result of the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event he could obtain financing. Plaintiff suffered additional actual damages in the form of damage to Plaintiff's reputation, higher credit costs, and other additional costs and fees.

32. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

33. During all times pertinent to this Complaint, Defendants acted through their authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

34. Any violation by Defendants were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

35. Plaintiff retained the undersigned counsel for the purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay Plaintiff's attorney a reasonable fee for their services.

36. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

### V. CAUSES OF ACTION

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(Trans Union)**

37. Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows.

38. Trans Union is subject to, and violated the provisions of, 15 United States

8

Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

39. Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the debt.

40. Trans Union incorrectly, misleadingly reported unverifiable information.

41. Further, Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

42. Such reporting of the rental debt as described herein is false and unverifiable on its face and evidences the Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

43. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

44. Defendant's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well

9

as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Trans Union:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE,</u>**
**<u>SECTION1681i(a)(1)</u>**
**(Trans Union)**

45. Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

46. Trans Union is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of

10

Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

47. Specifically, Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

48. Even though Plaintiff's Disputes noted that the reporting of the debt contained clear inaccuracies, Trans Union failed to conduct any meaningful investigation by reviewing the information Plaintiff provided and by contacting Nexum to verify the account information, and instead each continued to inaccurately report the rental debt with inaccurate, false, misleading, or unverifiable debt information.

49. Such reporting is false and evidences Defendant's failure to conduct reasonable re-investigations of Plaintiff's Disputes.

50. Defendant's reinvestigations of Plaintiff's Disputes were not conducted reasonably. Defendant's reinvestigations of Plaintiff's Disputes were not conducted in good faith. Defendant's reinvestigation procedures are unreasonable. Defendant's re-investigation of Plaintiff's Disputes were not conducted using all information reasonably available to it including but not limited to: furnisher information from Nexum and directly provided by Plaintiff.

51. Defendant's reinvestigations were *per se* deficient by reason of these failures

in reinvestigations.

52. Defendant's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Trans Union:

    a)    For actual damages;

    b)    For compensatory damages;

    c)    For statutory damages;

    d)    For punitive damages;

    e)    For attorney's fees and costs incurred in this action;

    f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information; and

    g)    For such other and further relief as the Court may deem just and proper.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION1681i(a)(4)**
**(Trans Union)**

53. Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

54. Trans Union is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Disputes, including all relevant attachments.

55. Specifically, despite receiving Plaintiff's Disputes, Trans Union willfully and/or negligently failed to review and consider all information received in Plaintiff's Dispute about the rental debt.

56. Following Plaintiff's disputes, rather than correcting the Nexum account, Trans Union continued to report inaccurate information as described herein.

57. The Defendant's failure to review and consider all information received in Plaintiff's Disputes was done in bad faith.

58. Defendant's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Trans Union:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For attorney's fees and costs incurred in this action;

f)  For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information; and

g)  For such other and further relief as the Court may deem just and proper.

**COUNT FOUR:
FAIR CREDIT REPORTING ACT –
VIOLATION OF 15 UNITED STATES CODE, SECTION
1681i(a)(5)
(Trans Union)**

59. Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

60. Trans Union is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's Disputes as inaccurate or that could not be verified.

14

61. Specifically, despite receiving Plaintiff's Disputes that advised that the reporting of the rental debt was inaccurate, false, or incomplete, Trans Union willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the rental debt that was either inaccurate or could not be verified.

62. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

63. Defendant's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Trans Union:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

15

the inaccurate information to any and all persons and entities to whom it reports consumer credit information; and

   g) For such other and further relief as the Court may deem just and proper.

**COUNT FIVE:
<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681 *et seq.*
(Nexum)</u>**

64. Plaintiff incorporates paragraph one through thirty-six (1-36) above as if fully stated herein.

65. Defendant Nexum has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

66. Specifically, Nexum violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

67. Further, Defendant violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

68. Following the reinvestigation and dispatch of direct notice to Nexum, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

69. Specifically, Nexum possessed actual knowledge that the rental debt was inaccurately reported. Later, Plaintiff filed Disputes with the Bureau, and Nexum willfully and/or negligently failed to review and consider all information received in Plaintiff's Dispute about the rental debt as described herein.

70. Following Plaintiff's disputes, rather than correcting the rental debt account, they continued reporting inaccurate information.

71. Defendant's reinvestigation was not conducted in good faith.

72. Defendant's reinvestigation was not conducted reasonably.

73. Defendant's reinvestigation was not conducted using all information reasonably available to the Defendant.

74. Defendant's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had.

17

75. Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

76. Defendant has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

77. Defendant had actual knowledge of claims made by Plaintiff relating to the rental debt.

78. Defendant had received multiple disputes from the bureaus to find that this credit information was inaccurate. In light of internal records related to the account, Defendant still reported the account as accurate.

79. Despite having all the information available to it as the furnisher of information, the Defendant still continued to report inaccurate and harmful information in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and Defendant is still reporting this information.

80. As a result of Defendant's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to Plaintiff's creditworthiness.

81. Defendant's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the

Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

82. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

83. Defendant's actions demonstrate an honest disregard for consumers and consumer law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Nexum:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**Designation of Lead Counsel Pursuant to Local Rule 2.02(a)**

Pursuant to Local Rule 2.02(a) of the Middle District of Florida, the undersigned **Max Story, Esquire** is designated as lead counsel in this case.

Dated this 24th day of July, 2025.

**STORY LAW GROUP**

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar: 0527238
JAMES F. TYER, ESQ.
Florida Bar: 1018238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
james@storylawgroup.com
Attorneys for Plaintiff